SEALS, JAMES H., Associate Judge.
In this dissolution action the husband appeals from a final judgment dissolving the parties’ marriage, distributing the marital assets of the parties, awarding rehabilitative alimony, granting primary residential care of the parties’ minor child to the wife, and ordering the husband to pay the wife’s attorney’s fees and costs. We *1262 find no error with the trial court’s rulings on equitable distribution of assets, rehabilitative alimony, and attorney’s fees. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). We write solely to clarify the child custody issue raised in this appeal in which the husband maintains that the trial court erred in not awarding shared parental responsibility to both parties.
The judgment of dissolution provides that “[pjrimary residential care, custody, and control of the minor child” is granted to the wife. The judgment does not expressly grant shared parental responsibility as required by section 61.13(2)(b)2, Florida Statutes (1989). The wife concedes that the judgment never intended to award her sole custody of the minor child, but that the omission of shared parental responsibility language was merely a scrivener’s error and that the court intended to award custody to both parties, with the wife as the primary residential parent.
Because the judgment caused some confusion on the matter of shared parental responsibility, we remand only for the trial court to clarify the judgment to explicitly order that the parties are to have shared parental responsibility of the minor child, with the wife as the primary residential parent. Otherwise, we affirm.
RYDER, A.C.J., and THREADGILL, J., concur.